

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

August 17, 2006

**BY CM/ECF**

Honorable Gregory M. Sleet
844 King Street
Wilmington, Delaware 19801

    **Re:   United States v. Brittney Robinson, Cr. A. No. 06-50-07 GMS**

Dear Judge Sleet:

    Counsel for Defendant Robinson has indicated to the government that the Defendant is prepared to enter a change of plea. I respectfully request that the Court schedule a Rule 11 hearing as soon as the Court's schedule permits. Enclosed is the proposed Memorandum of Plea Agreement for the Court's consideration.

                                 Respectfully,

                                 COLM F. CONNOLLY
                                 United States Attorney

                           BY: */s/ Douglas E. McCann*
                                 Douglas E. McCann
                                 Assistant United States Attorney

Enclosure

cc:   Eugene Maurer, Esquire (By Facsimile with Enclosure)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-50-07 GMS |
| | ) |
| BRITTNEY ROBINSON, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Brittney Robinson, by and through her attorney, Eugene J. Maurer, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count I of the Indictment. Count I charges the defendant with knowingly conspiring to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846. The defendant understands that the maximum penalties for Count I are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which she is pleading

guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base; and (2) that the defendant knowingly and voluntarily joined the conspiracy.

   3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a three level reduction for acceptance of responsibility. The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than she expects, or contrary to any recommendation of her attorney or the United States, that she will not be allowed to withdraw her guilty plea.

   4. The defendant agrees to pay the $100 special assessments the day of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

   5.   The defendant agrees to cooperate fully and truthfully with the Government as follows:

     a.   The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if she testifies untruthfully in any material way she can be prosecuted for perjury.

     b.   The defendant agrees to provide all information concerning her

knowledge of, and participation in, the subject matter of the Indictment of which she has knowledge, and any other crimes about which she has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

c. The defendant agrees to provide the government with information concerning any bank accounts in her name or in the name of another in which sums are deposited by or at the direction of the defendant, and information about her state and federal taxes in the last seven years, including her state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by her. Defendant understands that her assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d. The defendant agrees that she will not falsely implicate any person or entity and she will not protect any person or entity through false information or omission.

e. The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f. The defendant agrees to hold herself reasonably available for any interviews as the government may require.

g. The defendant agrees to provide all documents or other items under her control or which may come under her control which may pertain to any

3

crime.

h.  The defendant understands that her cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.  To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.  The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and her sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the government and the defendant shall be subject to prosecution for any federal crime of which the government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the defendant during the course of her cooperation, and this information may be used as evidence against her. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by her.

6.  If the government in its sole discretion determines that the defendant has fulfilled her obligations of cooperation as set forth above, at the time of sentencing, the government will:

a.  Make the nature and extent of the defendant's cooperation known

to the Court.

  b. Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C. §3553(e), only if the government, in its sole discretion, determines that the defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The defendant understands that, as of the date of this Memorandum of Plea Agreement, the government has not yet determined whether her conduct qualifies for a government motion pursuant to U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

  c. The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by her. The defendant further understands that if she breaches this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

  d. Make whatever sentencing recommendation the government deems appropriate.

7. The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which she may testify.

8. The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

      9.      The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

      10.     It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                      COLM F. CONNOLLY
                                      UNITED STATES ATTORNEY

_____          By:_____
Eugene J. Maurer, Jr., Esquire         Douglas E. McCann
Attorney for Defendant                 Assistant U.S. Attorney


_____
Brittney Robinson
Defendant

Dated:


        **AND NOW**, this \_\_\_ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


                                      _____
                                      UNITED STATES DISTRICT JUDGE